THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TOMMY RUTLEDGE, Defendant-Appellant.
Third District   No. 3—83—0403

Opinion filed February 24, 1984.

ALLOY, J., dissenting.

James P. Murphy, of Flack, Kwacala & Murphy, of Macomb, for appellant.

John R. Clerkin, State's Attorney, of Macomb (John X. Breslin and Patricia Hartmann, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant, Tommy Rutledge, was charged by information with carrying a concealed weapon under section 24—1(a)(4) of the Criminal

Code of 1961 and carrying a dangerous or deadly weapon with the intent to use it unlawfully under section 24—1(a)(2) (Ill. Rev. Stat. 1981, ch. 38, pars. 24—1 (a)(4), (a)(2), respectively). In a bench trial before the circuit court of McDonough County, the defendant was acquitted on the concealed weapon charge and convicted under section 24—1(a)(2). On appeal, the defendant raised two issues. First, whether the information was sufficient to state an offense under section 24—1(a)(2) and second, whether defendant was proven guilty beyond a reasonable doubt if the section does state an offense applicable to the facts of this case.

Early in the morning on July 1, 1982, an argument started outside the 7-11 Store in Macomb, Illinois. Some college students had been eating in their car when a group of four men including the defendant pulled up in a van. According to the clerk in the 7-11 Store, the van was driven by the defendant. When the four men got out of the van, an argument ensued between the four men and the college students. A fight then broke out, and the police were called. There was conflicting testimony at trial as to whether or not defendant had in his possession a gun that was later recovered from the bushes behind the 7-11 Store.

The defendant argues that section 24—1(a)(2) does not apply to firearms. Section 24—1(a)(2) provides:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(2) Carries or possesses with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto, broken bottle or other piece of glass, stun gun or taser or any other dangerous or deadly weapon or instrument of like character."

In support of his argument the defendant relies on *People v. King* (1978), 58 Ill. App. 3d 199, 373 N.E.2d 1045. In *King* the court considered whether the legislature meant to include firearms under section 24—1(a)(2). The court found that this subsection did not include firearms because other subsections specifically dealt with firearms violations, *i.e.*, the other subsection under which this defendant was charged and acquitted and subsection (a)(10). These other statutory references to firearms evidence the legislative intent to exclude firearms from subsection (a)(2). In choosing to follow *King* we do not ignore the contrary decision in the first district in *People v. Manzardo* (1980), 87 Ill. App. 3d 129, 409 N.E.2d 44. However, *Manzardo* based its interpretation of 24—1(a)(2) partially on a prior first district case

*People v. Musselman* (1966), 69 Ill. App. 2d 454, 217 N.E.2d 420, which even though it never considered this issue, had allowed a conviction to stand under subsection (a)(2) for carrying a loaded rifle. We have no such precedent in this district and, therefore, have chosen to follow what we believe to be the better reasoned decision.

Because we find that subsection (a)(2) does not include firearms, and we find no evidence in the record that defendant was carrying any of the dangerous or deadly weapons described in subsection (a)(2), we find the evidence insufficient to sustain a conviction under subsection (a)(2) and, therefore, reverse the decision of the circuit court of McDonough County and remand this cause with instructions to the circuit court to enter a verdict of acquittal in favor of the defendant.

Reversed and remanded.

HEIPLE, J., concurs.

JUSTICE ALLOY, dissenting:
I respectfully dissent.

The basic argument of the defense on appeal is that section 24—1(a)(2) does not apply to firearms, and, therefore, the information charging the defendant failed to state an offense. The People respond, asserting that a firearm is a dangerous weapon and may be used unlawfully against another, and that section 24—1(a)(2) includes firearms. Section 24—1(a)(2) states, in part,

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
> ***
> (2) Carries or possesses with intent to use the same unlawfully against another, a dagger, dirk, billy, dangerous knife, razor, stiletto, broken bottle or other piece of glass, stun gun or taser or any other dangerous or deadly weapon or instrument of like character." (Ill. Rev. Stat. 1981, ch. 38, sec. 24—1(a)(2).)

In *People v. King* (1978), 58 Ill. App. 3d 199, 373 N.E.2d 1045, a case relied upon by the defense, the court held that since various other subsections of section 24—1(a) refer specifically to firearms, the absence of such a reference in subsection (a)(2) indicates a legislative intent to exclude firearms from the offense stated there. An opposite conclusion, and one with which I agree, was reached by the court in *People v. Manzardo* (1980), 87 Ill. App. 3d 129, 409 N.E.2d 44, a First District case. In *Manzardo*, the court rejected the reasoning and conclusion of *King*, stating:

"The appellate court for the Fourth District in *King* interpreted subsection (2) of the weapons offense section of the Criminal Code as not applying to firearms. The court distinguished *People v. Musselman* (1966), 69 Ill. App. 2d 454, 217 N.E.2d 420, and reasoned that a firearm was not 'of like character' when compared to the weapons specifically enumerated in section 24—1(a)(2). Although the precise argument raised here and in *King* was not raised in *People v. Musselman,* it is clear that in that case a conviction under subsection (2) was sustained for unlawful use of a rifle. The court specifically commented that the rifle was 'a dangerous or deadly weapon' in dealing with Musselman's argument that his criminal intent was not adequately proven. 69 Ill. App. 2d 454, 458.

We have determined to follow *People v. Musselman.* First, we consider that if section 24—1(a)(2) does not prohibit carrying or possessing a firearm with intent to use the firearm unlawfully against another, there is a hiatus in the statutory scheme for controlling the use of unlawful weapons which we do not think the legislature intended. A firearm is a dangerous weapon, and, even if unloaded or inoperable, it may be used as a bludgeon in the manner contemplated by 24—1(a)(2). (See *People v. Chapman* (1979), 73 Ill. App. 3d 546, 392 N.E.2d 391.) For example, under the aforesaid statute it would not seem unlawful to possess or carry an unloaded, unconcealed firearm in a municipality even with the specific intent to kill or do serious injury or to carry or possess a loaded firearm with similar intent outside a municipality. Therefore, we consider that, under *Musselman,* subsection (2) does apply to a firearm such as the revolver as it was used in this case." (*People v. Manzardo* (1980), 87 Ill. App. 3d 129, 132.)

I believe the reasoning of *Musselman* and *Manzardo* is sound and that the approach in them the better one. Our supreme court, in other contexts, has noted that a firearm is a dangerous weapon even though used in a manner for which it was not designed or intended. (*People v. Skelton* (1980), 83 Ill. 2d 58, 64-65, 414 N.E.2d 455.) In *Skelton,* the court specifically noted that a handgun, gripped by the barrel, may be used as a bludgeon and is equally dangerous as such, whether loaded or unloaded. I believe we should follow the position of the court in *People v. Manzardo,* rejecting *People v. King,* and hold that the information in this case properly charged the defendant under section 24—1(a)(2).

For the reasons stated, I believe that the judgment of the circuit court of McDonough County should be affirmed.